IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| GERALD D. JACKSON, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    No. 3:18-cv-0075 |
| | )    Judge Aleta A. Trauger |
| STEWART COUNTY *et al.*, | ) |
| | ) |
|     Defendants. | ) |

## MEMORANDUM

The plaintiff, Gerald D. Jackson, proceeding *pro se*, has filed a complaint against defendants Stewart County, Derick Wyatt and Larry Wallace. (ECF No. 1.) Before the court are the plaintiff's application to proceed *in forma pauperis* (ECF No. 3) and a Motion for Discovery (ECF No. 4.) In addition, his complaint is before the court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A, and 42 U.S.C. § 1997e.

**I. Application to Proceed as a Pauper**

Under the PLRA, 28 U.S.C. § 1915(a), a prisoner bringing a civil action may be permitted to file suit without prepaying the filing fee required by 28 U.S.C. § 1914(a). Because it appears from his submissions that the plaintiff lacks sufficient financial resources from which to pay the full filing fee in advance, the application (ECF No. 3) will be granted.

However, under § 1915(b), the plaintiff nonetheless remains responsible for paying the full filing fee. The obligation to pay the fee accrues at the time the case is filed, but the PLRA provides prisoner-plaintiffs the opportunity to make a "down payment" of a partial filing fee and

to pay the remainder in installments. Accordingly, the plaintiff will be assessed the full $350 filing fee, to be paid as directed in the accompanying order.

## II. Dismissal of the Complaint

Pursuant to 28 U.S.C. § 1915(e)(2), the court is required to conduct an initial review of any complaint filed *in forma pauperis* and to dismiss the complaint if it is facially frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. *Begola v. Brown*, 172 F.3d 47 (Table), 1998 WL 894722, at *1 (6th Cir. Dec. 14, 1998) (citing *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007)). The court must construe a *pro se* plaintiff's complaint liberally, *Boag v. McDaniel*, 454 U.S. 364, 365 (1982), and accept the plaintiff's allegations as true unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

### A. Factual Allegations

In his complaint, the plaintiff alleges that on October 12, 2017, another inmate, Leo Thompson, who resided in the same pod at the Stewart County Jail as the plaintiff, had a heart attack and hit his head on a pole as he fell to the ground. (ECF No. 1 at Page ID# 3.) Mr. Thompson was lying face down, bleeding from his head and appeared to be dead. (*Id.*) The plaintiff alleges that Mr. Thompson stopped breathing and urinated on himself. (*Id.* at Page ID# 4.) Some deputies came to where Mr. Thompson was lying and called Thompson's name. (*Id.*) The plaintiff alleges that the deputies dragged Mr. Thompson by his feet away from the table where Mr. Thompson had been sitting before he fell. (*Id.*) The plaintiff alleges that the deputies flipped Mr. Thompson over roughly and began chest compressions but did not conduct mouth-

to-mouth breathing.[1] (*Id.* at Page ID# 5.) "Mrs. Angie" got the "rescue cart and box to shock [Mr. Thompson's] heart back." (*Id.*) Plaintiff alleges that, by this point, Mr. Thompson was dark blue. (*Id.*) Plaintiff alleges that he and the other prisoners who were watching these events transpire began to worry about what would happen to them in the same situation. (*Id.*) Plaintiff alleges that the jail does not have any medical staff or, if it does have medical staff, they are not properly trained. (*Id.*)

An ambulance arrived and the medical team from the ambulance came into the jail and took over caring for Mr. Thompson. (*Id.*) Plaintiff thought that Mr. Thompson had died but later learned that he was alive and at home with his family. (*Id.*) Plaintiff alleges that since this incident he fears for his life at the jail. Plaintiff alleges that he is experiencing anxiety and trauma as a result of watching the events that transpired after Mr. Thompson's heart attack. He alleges that, because of the way Mr. Thompson was treated, his Eighth Amendment rights were violated. As relief, the plaintiff seeks damages to pay for all of his medical care until her dies. (*Id.* at Page ID# 7.)

### B. Standard of Review

If an action is filed *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). In assessing whether the complaint in this case states a claim on which relief may be granted, the court applies the standards under Rule 12(b)(6) of the Federal Rules of Civil Procedure, as construed by *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009), and

---

[1] The plaintiff seems to find the fact that the deputies did not give mouth-to-mouth breathing very upsetting. However, as of 2008, the American Heart Association no longer recommends mouth-to-mouth breathing, having found that, properly conducted, chest compressions alone work just as well. *See* Associated Press, "No mouth-to-mouth required in new CPR rules," Mar. 31, 2008 found at http://www.nbcnews.com/id/23884566/ns/health-heart_health/t/no-mouth-to-mouth-required-new-cpr-rules/#.Wodtk8uos08 (last visited Feb. 16, 2018.)

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–57 (2007). *See Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that "the dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim under [§ 1915(e)(2)(B)(ii)] because the relevant statutory language tracks the language in Rule 12(b)(6)"). "Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681) (alteration in original). "[P]leadings that . . . are no more than conclusions[] are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679; *see also Twombly*, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"Pro se complaints are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (internal quotation marks and citation omitted). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). The court is not required to create a claim for the plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.,* 518 F.2d 1167, 1169 (6th Cir. 1975); *see also Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011) ("[A] court cannot create a claim which [a plaintiff] has not spelled out in his pleading") (internal quotation marks and citation omitted); *Payne v. Sec'y of Treas.*, 73 F. App'x 836, 837 (6th Cir. 2003) (affirming *sua sponte* dismissal of complaint pursuant to Fed. R.

Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her").

### C. Discussion

1. Defendant Stewart County

The plaintiff identifies Stewart County as a defendant. Stewart County cannot be held vicariously liable for the actions of its employees under § 1983. *See Connick v. Thompson*, 131 S. Ct. 1350, 1359 (2011); *City of Canton v. Harris*, 489 U.S. 378, 392 (1989); *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). Instead, the County can only be liable when its official policy or custom causes the injury. *Id.*

The plaintiff does not make any express allegations against Stewart County, but, assuming he intended to allege that the county is responsible for the alleged trauma he experienced at the hands of unidentified persons who came to help Mr. Thompson, his allegations rest on a theory of vicarious liability and therefore do not state a claim. *Id.* The plaintiff does not suggest that a custom, policy or practice of the county caused his alleged injury. As the Sureme Court has instructed, to demonstrate that a municipality had an unlawful custom or practice, a plaintiff must show that the municipality was deliberately indifferent to "practices so persistent and widespread as to practically have the force of law." *Connick*, 131 S. Ct. at 1359. The plaintiff cites no prior incidents to demonstrate a widespread pattern. He merely states that on one occasion he bore witness to an upsetting event. The plaintiff therefore fails to state a claim against Stewart County.

2. Defendants Wyatt and Wallace

The plaintiff names as defendants Derick Wyatt and Larry Wallace; however he fails to allege that these defendants engaged in any conduct that violated his constitutional rights.

5

Indeed, he entirely fails to identify them in the text of his complaint.

It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants. *See Twombly*, 550 U.S. at 544 (holding that, in order to state a claim, a plaintiff must make sufficient allegations to give a defendant fair notice of the claim). The plaintiff has failed to attribute any conduct at all to defendants Wyatt or Wallace. Where a defendant is named but the plaintiff fails to allege that the defendant engaged in any specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to pro se complaints. *See Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) (dismissing complaint where plaintiff failed to allege how any named defendant was involved in the violation of his rights).

Based on the foregoing, the plaintiff fails to state any claims upon which relief may be granted against defendants Wyatt and Wallace.

Even assuming that the plaintiff had identified defendants Wyatt and Wallace and even assuming that Wyatt and Wallace assisted Mr. Thompson in some way, the plaintiff still could not state a claim for relief. The plaintiff alleges that he experienced and is experiencing trauma and anxiety as a result of the way Mr. Thompson was treated after his heart attack. In order for a prisoner to prevail on an Eighth Amendment claim, he must show that he faced a sufficiently serious risk to his health or safety and that the defendant official acted with "'deliberate indifference' to [his] health or safety." *Mingus v. Butler*, 591 F.3d 474, 479-80 (6th Cir. 2010) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (applying deliberate indifference standard to medical claims); *see also Helling v. McKinney*, 509 U.S. 25, 35 (1993) (applying deliberate indifference standard to conditions of confinement claims)). The plaintiff's factual allegations do not suggest that he faced a serious risk to *his* health or safety or that the defendants were

deliberately indifferent to *his* health or safety. Consequently, the plaintiff's allegations are insufficient to state a claim for deprivation of his rights under the Eighth Amendment.

**III.  CONCLUSION**

Because the complaint does not contain sufficient facts to allege any claims upon which relief may be granted against any defendant, this action will be dismissed. 28 U.S.C. § 1915(e)(2)(B)(ii). The plaintiff's Motion for Discovery will be denied as moot. For the same reasons that the court dismisses this action, the court finds that an appeal of this action would not be taken in good faith. The court therefore certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by the plaintiff would not be taken in good faith, and the plaintiff will not be granted leave by this court to proceed on appeal *in forma pauperis*. An appropriate order is filed herewith.

_____
ALETA A. TRAUGER
UNITED STATES DISTRICT JUDGE